# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| HAROLD JOHN MCGURL, | : | |
| --- | --- | --- |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO. 3:18-CV-2176 |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | (Judge Caputo) |
| Respondents | : | |

# M E M O R A N D U M

## I. Introduction

Harold John McGurl, a state prisoner presently confined at the State Correctional Institution at Somerset, in Somerset, Pennsylvania, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his April 4, 2018, Court of Common Pleas of Schuylkill County convictions. (ECF No. 1). Along with the Petition, Mr. McGurl filed a motion to proceed *in forma pauperis.* (ECF No. 2).

The Petition has been given preliminary consideration in accordance with Rule 4 of the Rules Governing Section 2254 Cases. For reasons discussed below, the Court will grant Mr. McGurl's motion to proceed *in forma pauperis* and dismiss the Petition without prejudice due to Petitioner's pending state court criminal appeal.

## II. Legal Standard

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.

foll. § 2254. This rule provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4, 28 U.S.C. foll. § 2254. In addition to the petition and attached exhibits, a federal habeas court may take judicial notice of state court records, as well as its own. *See Zedonis v. Lynch*, 233 F. Supp.3d 417, 422 (M.D. Pa. 2017) (Caldwell, J.) (citing *Pension Benefit Guar. Corp. v. White Consul. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) and *Dean v. Copozza*, No. Civ. A. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheet for criminal cases, and this court may take judicial notice of those dockets.")). Accordingly, in reviewing this petition, the Court has taken judicial notice of the Petitioner's criminal proceedings in the Pennsylvania state courts.[1]

### III. Relevant Background

On October 8, 2016, Mr. McGurl was arrested for attempted first degree murder, aggravated assault, simple assault and recklessly endangering another person. *Commonwealth v. McGurl, Jr.*, CP-54-CR-0002107-2016 (Schuylkill Cty. Ct. Com. Pl.). A jury found Mr. McGurl guilty of all charges on April 4, 2018. *Id.* On June 13, 2018, Petitioner received an aggregate sentence of ten to twenty years imprisonment. *Id.* Mr.

---

[1] Specifically, the Court takes judicial notice of Mr. McGurl's criminal and direct appeal dockets. *See Commonwealth v. McGurl*, CP-54-CR-002107-2016 (Schuylkill Cty. Ct. Com. Pl.) (criminal docket) and *Commonwealth v. McGurl*, 1137 MDA 2018 (Pa. Super.) (direct appeal).

McGurl filed a notice of appeal on July 9, 2018. *Id.* The docket of the Superior Court of Pennsylvania lists Petitioner's direct appeal as an active matter. *Commonwealth v. McGurl*, 1137 MDA 2018 (Pa. Super.).

IV.     **Discussion**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (internal quotations marks omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal or, collaterally, under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541, *et seq*. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson v.*

*Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). Where a state prisoner has failed to exhaust the legal remedies available to him in state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lambert*, 134 F.3d at 513.

In the instant case, Mr. McGurl has not exhausted his available state-court remedies. As is evident from the Petition and the dockets of the Schuylkill County Court of Common Pleas and the Superior Court of Pennsylvania his direct appeal is presently pending before the Superior Court. Thus, this Court must allow for the state proceedings to conclude before entertaining Mr. McGurl's habeas petition. [2]

The Court finds that the policy behind exhaustion is best served by dismissing the Petition, without prejudice, to Petitioner's right to refile promptly at the conclusion of his state court proceedings. In reaching this decision, the Court notes that under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is also tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

---

[2] The Court recognizes that the exhaustion requirement may be excused where the opportunity to obtain relief in state court was lacking or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. See *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). These extraordinary circumstances are not present here. Petitioner has neither alleged nor shown any deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule.

Given the status of Mr. McGurl's state proceedings, even under the strictest calculation of the limitations period, Petitioner still has ample time to return to federal court after the exhaustion of his state-court remedies as his judgment has yet to become final. Indeed, Petitioner may yet obtain the relief he seeks in state court proceedings. Thus, the Court will dismiss the Petition without prejudice.

Based on Petitioner's failure to exhaust his claims in state courts, Mr. McGurl has failed to make a showing of a denial of a constitutional right. Thus, a certificate of appealability will not be granted. However, Petitioner is advised that he has the right for thirty days to appeal the Court's decision denying his Petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. See Fed. R. App. P. 22; United States Court of Appeals for the Third Circuit, Local Rule of Appellate Procedure 22.1.

An appropriate order follows.

**Date:** January 23, 2019   /s/ A. Richard Caputo
　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　**United States District Judge**